Eastern District of Kentucky
F I L E D
MAR 28 2014
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

HOMER L. RICHARDSON,       )
                           )
    Petitioner,             )  Civil Action No. 13-CV-155-HRW
                           )
V.                         )
                           )  **MEMORANDUM OPINION**
                           )  **AND**
MICHAEL SEPANEK, Warden,   )  **ORDER**
                           )
    Respondent.             )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Homer L. Richardson ("Richardson") is an inmate confined in the Federal Correctional Institution at Ashland, Kentucky. Richardson, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his conviction and sentence in the Southern District of Ohio on or about November 11, 2011. [R. 1] Richardson requests that his conviction and sentence be set aside. He has paid the requisite $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241

petitions pursuant to Rule 1(b)). The Court evaluates Richardson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Richardson's habeas petition and exhibits attached thereto, as well as Richardson's underlying conviction in the Southern District of Ohio, the Court finds no merit to Richardson's petition, and it will be dismissed *sua sponte* because it is without merit. The rationale for this decision is set out below.

## BACKGROUND

### A. Underlying Conviction

On November 6, 2008, a federal grand jury returned a 10-count indictment against Richardson and co-defendant Robert C. Welti, charging them with various violations of federal tax law. Richardson was charged in Counts 1, 3, 8, 9, and 10 thereof. More particularly, Richardson was charged with corruptly obstructing the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a); with assisting in the preparation of a false income tax return, in violation of 26 U.S.C. § 7206(2); and with three counts of filing a false income tax return, in violation of 26

U.S.C. § 7206(1). *United States v. Homer Lee Richardson, et al.*, No. 1:08-CR-118 (S.D. Ohio 2008) [R. 1 therein] After the district court denied Richardson's motion to dismiss for violations of the Speedy Trial Act, Richardson entered a conditional guilty plea to the charged offenses, preserving his right to appeal the court's disposition of his Speedy Trial Act claim. [*Id.* at 189 therein] Richardson was sentenced on November 1, 2011, and received 30-month, concurrent sentences on each count of the indictment, to be followed by concurrent, one-year terms of supervised release on each count. [*Id.* at 202 therein]

Richardson was released on bond pending appeal. [*Id.* at 204 therein] He appealed the court's disposition of his Speedy Trial Act claim, but on May 15, 2012, the Sixth Circuit affirmed the trial court's decision. *United States v. Homer Lee Richardson*, No. 11-3127 (6th Cir. May 15, 2012) (unpublished). On November 26, 2012, the United States Supreme Court denied Richardson's petition for a writ of certiorari. [*Id.* at 245 therein]

Richardson also moved the trial court, pursuant to 28 U.S.C. § 2255, to vacate judgment, claiming it was a void judgment *ab initio*. [*Id.* at 234 therein] On November 5, 2012, the trial court denied his § 2255 motion. [*Id.* at 243 therein] The trial court also denied his motion for reconsideration of that Order and denied him a certificate of appealability. [*Id.* at 249 therein] Richardson then moved to vacate his

arraignment, which the court construed as a second or successive § 2255 motion and transferred to the Sixth Circuit [*Id.* at 253 therein]. On December 30, 2013, the Sixth Circuit denied Richardson's application for leave to file a second or successive § 2255 motion. *In re: Homer Lee Richardson*, No. 13-3290 (6th Cir. Dec. 30, 2013).

## B. Claims Asserted in § 2241 Petition

The gist of Richardson's § 2241 petition is that his conviction should be vacated because it is void, as the district court lacked subject matter jurisdiction to convict him. He claims that his conviction is constitutionally defective because (1) he was arraigned by a magistrate judge rather than an Article III district judge, and that the magistrate judge had no authority to act in this criminal case, and (2) there were constitutionally fatal procedural irregularities with the indictment as the United States Attorney failed to file a criminal complaint and supporting affidavit in his case. For these reasons, Richardson requests that his conviction be vacated and set aside. [R. 1, p. 15]

## DISCUSSION

Richardson is not raising any claims that fall under the purview of Section 2241 (*i.e.*, aspects regarding the execution of his sentence, such as the computation of sentence credits or parole eligibility). *United States v. Jalili*, 925 F.2d 889, 894

(6th Cir. 1999). Instead, he claims that his conviction and sentence on the underlying charges are constitutionally defective, requiring the vacation of his conviction.

However, § 2241 is not the mechanism for making these claims. Rather, 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, Civ No. 4:10-36, at *6 (E.D. Tenn. Aug. 17, 2010). The Sixth Circuit has explained the difference between the two habeas statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Id.* (internal quotation marks omitted).

Despite this general rule, a federal prisoner may challenge his conviction under § 2241 instead of § 2255 under certain limited circumstances. For example, a prisoner may bring a "§ 2241 action if § 2255 is 'inadequate or ineffective to test the legality of the detention.'" *Id.* However, "[i]t is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180

F.3d 753, 756 (6th Cir. 1999). Under this framework, Richardson fails to demonstrate that a remedy under § 2255 was inadequate or ineffective to challenge his federal detention. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003). The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). In other words, § 2241 is not an additional, alternative, or supplemental remedy to the one provided by § 2255. *Charles*, 180 F.3d at 758. Therefore, a petitioner's claims such as those that Richardson asserts here must be presented by a motion filed pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *See Charles*, 180 F.3d at 757.

The record in Richardson's criminal case reflects that he, in fact, has filed a prior § 2255 motion in the trial court and in that motion, he raised the same two claims therein, among others, that he presents in the present habeas petition. By Order of November 5, 2012, the trial court denied Richardson's § 2255 motion, finding these same two claims to be without merit. *See United States v. Homer Lee Richardson, et al.*, No. 1:08-CR-118 (S.D. Ohio 2008) [R. 243 therein] Thus,

6

Richardson has previously been denied relief on these same two claims. In short, with this petition, he is simply trying to take an unauthorized second bite of the apple.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Homer L. Richardson's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered in favor of the Respondent.

This 28th day of March, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge